IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. FRYE,<br><br>      Petitioner,<br><br>  v.<br><br>ROBERT L. AYERS, Warden,<br><br>      Respondent. | No. C 10-2878 LHK (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the California Board of Parole Hearings ("Board") in 2006 finding him unsuitable for parole. Specifically, Petitioner argued that there was no evidence that he was currently a danger to society, and thus, the Board violated his right to due process in failing to find him suitable for parole. On December 17, 2010, Respondent filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition to the motion, and Respondent has filed his reply. For the reasons stated below, the Court DENIES the petition for writ of habeas corpus, and DENIES Respondent's motion to dismiss as moot.

**BACKGROUND**

On January 8, 1990, Petitioner was sentenced to a term of 26 years-to-life in state prison after his conviction for first degree murder with the use of a firearm in Los Angeles County Superior Court. At his parole suitability hearing in 2006, the Board found Petitioner to be

1 unsuitable for parole.  Petitioner challenged this decision unsuccessfully in habeas petitions filed
2 in all three levels of the California courts.  Petitioner thereafter filed the instant petition.

### DISCUSSION

The Supreme Court has made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam).  Specifically, this Court's inquiry is limited to whether Petitioner was given an opportunity to be heard, and given a statement of reasons for the denial. *Id.*, citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979).  The parole hearing transcript makes it clear that Petitioner received an opportunity to be heard, and a statement of reasons why parole was denied. (Petition, Ex. A at RT 115-16, 118-28.)  In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, Petitioner's claim challenging solely the sufficiency of the evidence supporting the Board's decision is without merit.

### CONCLUSION

The petition for a writ of habeas corpus is DENIED.  Respondent's motion to dismiss is DENIED as moot.

Petitioner has failed to make a substantial showing that his claim amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: __5/23/11_____

*Lucy H. Koh*
LUCY H. KOH
United States District Judge